United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2016
David J. Bradley, Clerk

| | | |
|---|---|---|
| LegacyRG, Inc., | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-14-1574 |
| Chris Harter, | § § | |
| Defendant. | § § | |

# Opinion on Vacating the Judgment

1.     *Introduction.*

Chris Harter moves to vacate this court's judgment because of newly discovered evidence. The court will not vacate its judgment because the "new" testimony was known to Harter and should have been "discovered" at any time in the nine and one-half months before the summary judgment.[1]

2.     *The Affidavit.*

Harter has now offered an affidavit of Legacy's former chief operating officer, Mark Weissberg, as newly discovered evidence. It contradicts the testimony of Legacy's founder, Niel Morgan, about his knowledge of Harter's making additional payments to himself while in charge of the payroll. Weissberg says that he met monthly with Morgan and Harter to review the profit and loss statement and that during these meetings Morgan would ask Harter why the executive salaries were so high. Harter would respond that the amounts were high because of the "extra money" he was being paid. Morgan would then say that this was fine and that he should keep running them through the profit and loss statements.

---

[1] *See* Fed. R. Civ. P. 59(e).

3.  *Newly Discovered Evidence.*

Harter knew about Weissberg long before this court entered judgment for Legacy because he has now offered testimony of meetings between the two of them. Legacy also gave Weissberg's name and status as an officer to Harter in its disclosures. He should have contacted Weissberg before the summary judgment.[2]

Even before Weissberg's affidavit, the record showed that Harter and Weissberg both worked for Legacy during 2010 and 2011 and that both ended their employment in 2011. Obviously, Harter was aware of Weissberg's identity and role. Weissberg's living in Florida did not impede Harter from easily getting Weissberg's testimony; he secured it twenty-seven days after this court entered the summary judgment for Legacy.

4.  *Preparations.*

This court did not prevent Harter from seeking the new evidence from Weissberg. Harter says that he could not have gotten Weissberg's affidavit before the summary judgment because of this court's management orders. These did not forbid the parties' contacting anyone much less his right arm at Legacy. Harter did not ask to subpoena Weissberg.

5.  *The Record.*

Harter stole $123,557.58 from Legacy by manipulating the payroll. Weissberg testified that the extra money was reported in the profit and loss statement. The record at the time of the summary judgment showed that Legacy did not discover the precise nature of these payments until it was preparing unrelated business reports after Harter had resigned.

The record shows that Morgan authorized loans to Harter separate from his salary and his extra payments. These loans were recorded clearly and properly after Morgan formally approved them. Harter had full control of the accounts and disbursements; he cannot equate his dereliction with the records as consent to his defalcation.

---

[2] *See Monge v. RG Petro-Machinery Co.*, 701 F.3d 598, 612 (10th Cir. 2012); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991); 3 A.C. Freeman & Edward W. Tuttle, *A Treatise of the Law of Judgments* § 1215 (5th ed. 1925) (citing *McClung v. Folks*, 101 S.E. 345 (Va. 1919)).

6. *Conclusion.*

Harter offers nothing new, nothing suppressed, nothing inaccessible. Harter could and should have contacted Weissberg and asked for the declaration before judgment was entered – he should have gotten this information before he answered. The judgment subsists.

Signed on June 29, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge