United States District Court
Southern District of Texas
**ENTERED**
June 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LegacyRG, Inc., §§§§ | |
| Plaintiff, | |
| versus §§§ | Civil Action H-14-1574 |
| Chris Harter, §§§ | |
| Defendant. § | |

# Opinion on Attorney's Fees

1. *Introduction.*

    A company requests attorney's fees and costs from its former employee for breach of his employment contract and separation agreement. Attorney's fees will be awarded.

2. *Background.*

    Chris Harter was the president of LegacyRG, Inc., from 2006 to 2011. During his tenure, he altered payroll to collect $123,557.58 extraneous to his salary. When he resigned, he received $224,365.23 under a separation agreement that required him to return the stolen funds; he did not return them. The court ordered Harter to pay Legacy $347,922.81 because he had breached both agreements and his fiduciary duty to Legacy as its president.

3. *Fee Calculation.*

    Legacy has asked for its attorney's fees and costs for prosecuting Harter's breach of his employment contract and separation agreement. Harter says it must segregate the time spent on its fraud and fiduciary duty claims and that its rates are unreasonably high.

    A. *Time on Breach of Contract Claim.*

    The president of a company owes an array of duties to its owners. The most basic of those duties is not to steal from it. Harter stole from Legacy. Legacy sued to get its money back. It said that his actions had breached a contract but also pleaded that he breached his fiduciary duty not to steal and committed fraud. The factual basis for all the claims was the same: Harter took money from Legacy that he had no right to take.

Legacy says that it spent twenty percent of its time on its fiduciary duty and fraud claims and the rest on the facts and its breach of contract claim; it has reduced its fees accordingly. Harter says Legacy spent more pages of its briefing on its fiduciary duty and fraud claims.

Most of Legacy's fiduciary duty section is spent developing facts that it later uses to support its breach of contract section. Further, the idea that more pages means more work belies the reality that a succinct and articulate argument is much harder and more time-consuming to make than a lengthy one.

Legacy has pleaded that its attorneys spent eighty percent of their time working on its breach of contract claim. Harter does not introduce credible evidence to the contrary. Legacy will take eighty percent of its reasonable attorney's fees and costs.

### B. Reasonable Fees.

In determining whether fees are reasonable the court looks to the local market and considers the: (a) required time and skill; (b) attorneys burdens; (c) customary fee; (d) size of the demand and award; (e) time constraints; (f) relationship with the client; (g) attorneys' quality; and (h) whether the fee is fixed or contingent.

This was a fairly straightforward dispute about a contract. It did not abnormally burden the attorneys by taxing their skill, time, or ability to work on their other cases. The amount awarded was modest and Legacy's attorneys billed a fixed fee. The attorneys normally bill at $695.00 per hour and $310.00 per hour. The paralegal bills at $360.00 per hour. These rates are normal for attorneys of their experience who work for similar firms in Houston, Texas. These attorneys spent a reasonable amount of time on this case.

Legacy's attorneys say that they audited their billing and costs, excluding any duplication of efforts. They decreased that amount by twenty percent, accounting for the time they spent on their other claims. Their fees and costs for the breach of contract claim totaled $61,769.83.

### 4. Conclusion.

Harter owes Legacy's attorney's fees and costs expended to remedy his decision to steal money, promise to pay it back, and break that promise. Legacy will take $61,769.83 from Harter. He is fortunate Legacy's efficiency kept costs that low.

Signed on June 30, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge